UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VINCENT T. CAMPBELL                                                                                      PLAINTIFF

v.                                                                                           No. 3:21-cv-684-BJB

COMMISSIONER OF SOCIAL SECURITY                                                      DEFENDANT

\* \* \* \* \*

MEMORANDUM OPINION AND ORDER

After the parties agreed to remand this disability-benefits case to the Social Security Administration, the Commissioner awarded Vincent Campbell $119,431 in payments. DN 24-1. Only attorney fees remain at issue.

Campbell's attorney, David Chermol, seeks a $23,357.92 fee award under a contingency arrangement with his client that entitles him to 25 percent of past-due benefits awarded. Motion for Attorney Fees (DN 24). The Court referred Chermol's motion to Magistrate Judge Edwards, who issued a report and recommendation. DN 26. The report recommended that the Court grant Chermol's motion for fees only in part—reducing his claim to $20,400 (less what he already received under the EAJA, for a total of $13,900). Report and Recommendation (DN 26) at 10. The report reached this figure based on calculating a $600 hourly rate—lower than the effective $687 rate that Chermol's fee agreement would have required. *Id*. at 5. Chermol objects. DN 28.[1]

---

[1] The accounting here is somewhat complex, but undisputed. After the Court initially entered judgment in Campbell's favor, it granted Chermol $6,902 in fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* DN 23. Chermol's current motion seeks fees under a separate statute, 42 U.S.C. § 406(b). When courts award both an EAJA fee and a § 406(b) fee, attorneys must refund the smaller amount to their client. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Chermol proposes simply to deduct the EAJA fee from the § 406(b) fee to which he is contractually entitled ($29,857.92), an approach this court and others have blessed. *See Williams v. Dudek*, 780 F. Supp. 3d 709, 711 n.1 (W.D. Ky. 2025). That would result in a payment to Chermol of $23,357.92.

But the Administration already withheld $7,200 from what it paid Campbell—money owed to a non-attorney representative that assisted him at the administrative level, before this case reached federal court. *See* 42 U.S.C. § 406(a)(1). Administration regulations (though not the statute) permit the Commissioner to withhold no more than 25 percent of a

1

Chermol first argues that this Court has no role to play in reviewing a fee award to which the Commissioner has not objected. *Id.* at 9–10. But as this Court has explained once before, the Supreme Court has made clear that—whether an adverse party objects or not—a district court "'necessarily has discretion in making th[e] equitable judgment' to reduce fee awards." *See Williams*, 780 F. Supp. 3d at 712 (quoting *Hensley v. Eckerhart*, 462 U.S. 424, 437 (1983)). Not only that, but the Supreme Court has also held that "a district judge must independently assess the reasonableness" of a fee agreement's terms. *Gisbrecht*, 535 U.S. at 808 (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). And Sixth Circuit precedent likewise counsels district courts to conduct "an individualized analysis of the circumstances of th[e] case" to determine whether a fee request is appropriate. *See In re Horenstein*, 810 F.2d 73, 75 (6th Cir. 1986). So Chermol's attempt to condition judicial review on the objection of the Commissioner (who oftentimes, as here, has limited if any financial stake in the attorney-client fee agreement) fails.

Chermol next argues that the magistrate judge's report dramatically underappreciates the value Chermol ascribes to "the exceptionally high quality of the appellate litigation services" he provided Campbell. Objections at 9. Chermol reported working on this case for 43.6 hours. Report and Recommendation at 3. That meant his fee request effectively sought compensation at a rate of $687 per hour. DN 26 at 5. Judge Edwards held that this was too many hours at too high a rate. So she recommended an award based on 34 hours at $600 per hour. *Id.* at 9–10.

These assumptions, Chermol insists, "simply ha[ve] no basis in law or reality." So much so that he "respectfully"—though in some sense threateningly—"begs the Court not to force him to file a circuit appeal on an unopposed motion." Objections at 5, 16. This derision toward the Magistrate Judge's report is, at best, unhelpful and unseemly. This opinion, by contrast, will limit its consideration to the law.

The governing statute is 42 U.S.C. § 406(b), which provides that a court may "allow as part of its judgment a reasonable fee" for attorneys whose clients prevail in Social Security proceedings. The fee, however, may not exceed 25% of the total

---

total payment, even if a claimant owes separate fees for work done at the administrative level and later in federal court. *See Culbertson v. Berryhill*, 586 U.S. 53, 60–61 (2019) (describing the withholding regulation (20 C.F.R. §§ 404.1730(b)(1)(i)) and the differences between §§ 406(a) & (b)). Attorneys must recover any remaining deficiency from their clients. *Id.* And Chermol says he is willing to forego the difference between his total fee entitlement and what the Administration has already paid the non-attorney representative ($7,200). Objections at 15. If Chermol's objection is well taken, therefore, he would receive a payment of $22,657.93. *See* Objection to Magistrate Judge's Report and Recommendation (DN 28) at 15. (This reduced figure covers the offset for the balance he already received under the EAJA.)

2

payout. The Sixth Circuit applies the statute by using a two-step process for evaluating fee awards based on contingency arrangements. First, a court compares the effective hourly rate to the "standard rate" for the relevant sort of work in the relevant geographic region. *See Hayes v. Secretary of Health & Human Servs.*, 923 F.2d 418, 421–22 (6th Cir. 1990). If the effective hourly rate is less than twice the standard rate, it is per se reasonable. *Lasley v. Commissioner of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Otherwise, courts proceed to the second step and consider whether the facts and circumstances of the case rebut the presumption that contracted fee arrangements are reasonable. *Hayes*, 923 F.3d at 421–22.

Here, the report used a standard rate of $140 per hour—the rate under the EAJA. Report and Recommendation at 5. Because Chermol's effective rate was nearly five times that amount, the report concluded, at step one, that the rate was not per se reasonable. *Id.* Chermol derides this standard rate as "comically low" and cites a Western District case in which he says the court acknowledged a standard rate of $350 per hour. Objections at 2–3 (citing *Gaines v. Commissioner of Social Security*, No. 3:22-cv-224 (DN 25) (W.D. Ky. Dec. 11, 2023)). *Gaines* involved a fee request by Chermol himself. But contrary to his assertion here, that decision did not "hold" that $350 was an appropriate standard rate. Rather, it acknowledged testimony *asserting* that this was an appropriate standard rate—but in the end granted Chermol fees amounting to $205 per hour under the EAJA (just as the Court did in this case). *Gaines* at 10–11; *see* Motion for Attorney Fees Under EAJA (DN 21) at 2; Order Granting Attorney Fees Under EAJA (DN 23). And unlike in *Gaines*, where Chermol submitted affidavits and other evidence to support his argument for a higher standard rate, the factual record offered here regarding appropriate rates in Louisville offers little more than a mischaracterization of a previous holding. So he has not successfully carried his "burden of producing appropriate evidence to support the requested increase" at step one. *Bryant v. Commissioner of Social Security*, 578 F.3d 443, 450 (6th Cir. 2009).

At step two, however, the opposite presumption applies, with "reasonable" fee agreements receiving approval absent excess, delay, or the like. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. That analysis may permit a downward reduction if the "benefits are large in comparison to the amount of time counsel spent on the case" or if the attorney is "responsible for delay" that prolonged a case. *Id.*; *see also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). But the caselaw permits some rates even if they would not be acceptable at step one. *Hayes*, 923 F.2d at 422–23.

3

Here, Chermol represented Campbell under a contingency-fee arrangement, which is one reason a higher rate might be acceptable. "Contingent fees generally overcompensate in some cases and undercompensate in others." *Royzer v. Secretary of Health and Human Services*, 900 F.2d 981, 982 (6th Cir. 1990). So courts consider the probability of success in relation to an attorney's ordinary market rate when calculating an appropriate award. *See Williams*, 780 F. Supp. 3d at 714–15. At this second phase of the analysis, Chermol does provide evidence—all of it unrebutted (given the unopposed posture). First, data from the Social Security Administration calculating a 31 percent chance of victory in cases like this one. *See* Objections at 7–8 (citing *2023 Waterfall Charts*, NAT'L ORG. SOC. SEC. CLAIMANTS' REPRESENTATIVES (Feb. 29, 2024), https://nosscr.org/article/2023-waterfall-charts/ [https://perma.cc/L26A-MNVL]). Second, an affidavit (and explanatory brief) stating that he would ordinarily charge $595 per hour (on a non-contingent basis) for the type of work he did here. *Id.* at 8. That work was more complex than many other appeals, Chermol explains, because this case involved questions of administrative finality and res judicata. *Id.* at 9. (Why this should bear on the rate, rather than the total time, is not entirely clear.) But no one disputes that Chermol is an experienced practitioner in this field. *See generally Williams*, 780 F. Supp. 3d at 714. So whether crediting all 43.6 hours he logged—or only 34 hours, as the magistrate judge's report did—an effective rate of $687 is within the bounds of what could be reasonable when discounting for the probability of victory implicit in contingent-fee arrangements. The presumption that the parties' agreement is reasonable thus stands unrebutted on this record.

Finally, Chermol objects to the mechanism that the magistrate judge's report envisions for him to recover the fees he is owed. The report recommended that Chermol "look to Campbell"—rather than to the Administration—to recover whatever fees he is owed. Report and Recommendation at 10. But the Administration concedes it made a mistake by failing to withhold the funds owed to Chermol. *See* Response to Plaintiff's Objections (DN 29) at 2. And the Administration's regulations provide a procedure to make the lawyer whole when that happens. *See Program Operations Manual System GN 03920.055, Failure to Withhold Past-due Benefits for Direct Payment*, SOC. SEC. ADMIN., https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920055 [https://perma.cc/C7HK-HPSE] (last visited Feb. 4, 2026). Under that procedure, which Chermol and the Commissioner agree applies here, the Administration will pay the attorney the balance he is owed. And the Administration—not the lawyer—must separately recover that balance from the claimant. *See* GN 03920.055(E).

The Court therefore grants the Plaintiff's motion for attorney's fees (DN 24) and sustains the objections (DN 28) in part.